Rachael A. Honig
Acting United States Attorney
Susan Millenky
Assistant United States Attorney
Victor J. Williamson
Special Assistant United States Attorney
970 Broad Street, Suite 700
Newark, New Jersey 07102-2535
Tel: (973) 297-2067

Kristen Clarke
Assistant Attorney General
Civil Rights Division
Sameena Shina Majeed
Chief, Housing and Civil Enforcement
  Section
Elizabeth A. Singer
Director, U.S. Attorneys' Fair Housing
  Program
Housing and Civil Enforcement Section
Civil Rights Division
U.S. Department of Justice
Four Constitution Square
150 M Street, NE, Room 8.212
Washington, DC 20530
Tel: (202) 514-6164

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>NEW JERSEY HIGHER EDUCATION STUDENT ASSISTANCE AUTHORITY<br><br>    Defendant. | Case No. |

**COMPLAINT**

Plaintiff, the United States of America alleges as follows:

1. The United States brings this action under the Servicemembers Civil Relief Act ("SCRA"), 50 U.S.C. §§ 3901-4043, against Defendant New Jersey Higher Education Student Assistance Authority ("HESAA"). Defendant HESAA is a public corporation vested with

1

powers and duties of government, established in the Executive Branch of the State Government of New Jersey, and has no parent or subsidiary companies. N.J. Stat. Ann. § 18A:71A-3. HESAA is an instrumentality of the State exercising public and essential governmental functions. *Id.*

2. Defendant obtained default judgments against two SCRA-protected servicemembers by filing inaccurate affidavits of military service, in violation of 50 U.S.C. § 3931.

3. A purpose of the SCRA is to provide for the temporary suspension of judicial and administrative proceedings and transactions that may adversely affect the civil rights of servicemembers during their military service, so that they can devote their entire energy to the defense of the Nation.

4. Section 3931 of the SCRA protects servicemembers from default judgments in circumstances in which, because of their military service, they may be unable to appear and defend themselves. The SCRA requires that when seeking a default judgment, a plaintiff must "file with the court an affidavit – (A) stating whether or not the defendant is in military service and showing necessary facts to support the affidavit; or (B) if the plaintiff is unable to determine whether or not the defendant is in military service, stating that the plaintiff is unable to determine whether or not the defendant is in military service." 50 U.S.C. § 3931(b)(1). If the plaintiff informs the court that the defendant is in the military service, the court may not enter judgment until it appoints an attorney to represent the defendant. *Id.* at § 3931(b)(2). The court also must, in certain circumstances, stay the proceedings for a minimum of 90 days. *Id.* at § 3931(e) and (f).

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1345 and 50 U.S.C. § 4041(a)(2).

6. Venue is proper in this judicial district under 28 U.S.C. § 1391(b) because the events giving rise to the United States' claims occurred in the District of New Jersey.

## FACTUAL ALLEGATIONS

7. New Jersey is home to thousands of servicemembers, with thousands of other servicemembers from New Jersey deployed to bases around the United States and the world. Joint Base McGuire–Dix–Lakehurst, for example, in Burlington and Ocean Counties, is home to more than 52,000 servicemembers, civilians and their family members living and working on and around the base.

8. Brian Fielding volunteered to serve in the U.S. Military on September 12, 2001, in response to the events of September 11, 2001. Since his enlistment date of September 25, 2001, Fielding has served in the active duty Coast Guard and is currently a Petty Officer. He is currently stationed on the Coast Guard Cutter Hammerhead in Cape May, New Jersey.

9. In 2004 and 2005, Fielding co-signed for his then-girlfriend's student loans issued by Defendant.

10. On February 20, 2019, Defendant filed a motion for default judgment in the Superior Court of New Jersey, Law Division, Ocean County, against Fielding, despite having knowledge that Fielding was on active duty at the time the default judgment was sought, and inaccurately informing the court in a sworn affidavit that he was not on active duty at the time.

11. On February 22, 2019, Defendant sent Fielding a letter stating, in part:

> "Judgment was entered against [Fielding] in Court in favor of [Defendant] as of 2/20/2019. Send payment in order to avoid further legal action, which may include garnishment of your wages and execution against and attachment of your property. Interest continues to accrue until the judgment is satisfied in full. This judgment will not disappear or be forgotten. Judgments may appear on credit reports and may affect your ability to obtain credit and possibly employment. **Settle this account today**. Make your check payable to our client and forward your payment and this letter to us."

(emphasis in original).

12. On March 8, 2019, Defendant sent Fielding an "INFORMATION SUBPOENA AND WRITTEN QUESTIONS," stating, in part, that a judgment had been entered against him in the amount of $8,982.36, plus costs and interest, and that "FAILURE TO COMPLY WITH THIS INFORMATION SUBPOENA MAY RESULT IN YOUR ARREST AND INCARCERATION." The subpoena further warned that "court rules require [Fielding] to answer within 14 days from the date [he] receive[s] this subpoena." The subpoena sought information from Fielding about his employer, salary, other sources of income, and assets. These surprising and sudden communications made Fielding fear incarceration, garnishment of wages, forfeiture of assets, and loss of his military security clearance, all as the result of co-signing for his former girlfriend's student loans fourteen years ago.

13. Defendant unlawfully obtained a default judgment against a second active-duty servicemember, Joseph Beronio. On April 15, 2016, Defendant filed a motion for default judgment in the Superior Court of New Jersey, Law Division, Essex County, against Beronio, despite having knowledge that he was on active duty at the time the default judgment was sought. Defendant inaccurately informed the court in a sworn affidavit that Beronio was not on

active duty at the time when he was on active duty in the Navy.  Defendant sought from Beronio the total amount owed on the loan ($3,670.17), $438.27 in attorney's fees, and $16.00 in filing fees.  Beronio paid the amount owed, plus other fees and costs associated with Defendant's action, to settle that action.

14. The Department of Defense Manpower Data Center ("DMDC") maintains a free public website with a database that anyone seeking to comply with the SCRA can search to determine an individual's military status using the individual's last name and Social Security number or date of birth.  A DMDC certificate showing the individual's military status can be printed after searching the DMDC database, thereby proving that the database was searched on a particular date.

15. Defendant conducted a DMDC database search for Beronio on or about April 15, 2016, and for Fielding on or about February 20, 2019.  The certificates generated by those searches indicated that both Beronio and Fielding were on active duty in the military at the time. Nevertheless, Defendant filed sworn affidavits in both cases swearing that the servicemembers were not on active duty.

16. During the timeframe relevant to this civil action, Defendant's written policy regarding servicemember borrowers lacked sufficient procedures designed to ensure that military status was accurately reported to the court.

17. By failing to file true and accurate affidavits indicating the military status of Beronio and Fielding, Defendant deprived them of their right to have the court postpone the case and appoint an attorney to represent them.

18. By failing to have sufficient policies and procedures to ensure proper reporting of military status, Defendant risks depriving thousands of servicemembers of the rights to which they are entitled under the SCRA, including protecting against improper default while on active duty.

## CAUSE OF ACTION

### Violations of 50 U.S.C. § 3931 (Obtaining Unlawful Default Judgments)

19. The United States repeats and incorporates by reference the foregoing paragraphs.

20. The SCRA provides that, in any civil action or proceeding in which the defendant does not make an appearance, "the court, before entering judgment for the plaintiff, shall require the plaintiff to file with the court an affidavit . . . stating whether . . . the defendant is in military service and showing necessary facts to support the affidavit; or . . . if the plaintiff is unable to determine whether or not the defendant is in military service, stating that the plaintiff is unable to determine whether or not the defendant is in military service." 50 U.S.C. § 3931(a), (b)(1).

21. Defendant failed to file proper affidavits of military service, in violation of 50 U.S.C. § 3931.

22. Defendant's violations of Section 3931 of the SCRA raise issues of significant public importance. While on active duty, servicemembers should be free from worry that a default judgment may be entered against them when they are unable to appear and defend themselves. Default judgments damage a servicemember's creditworthiness and may have an adverse impact on their security clearance and continued military service. Moreover, these issues of public importance are amplified where, as here, Defendant circumvented the

servicemembers' right to their day in court by filing affidavits that inaccurately stated that servicemembers were not on active duty when, in fact, they were.

23. The SCRA-protected servicemembers against whom Defendants obtained default judgments in violation of the SCRA are "person[s] aggrieved" under 50 U.S.C. § 4041(b)(2) and have suffered damages as a result of Defendants' conduct.

## **PRAYER FOR RELIEF**

WHEREFORE, the United States prays that the Court grant the following relief:

1. Declare that Defendant's conduct violated the SCRA;

2. Enjoin Defendant from:

   a. obtaining a default judgment in any action without first filing with the court an affidavit that is prepared after performing a check of the DMDC and reviewing borrower information available to Defendant for indicia of military service and that:

      i. states whether the defendant is in military service and shows necessary facts to support the affidavit; or

      ii. if Defendant is unable to determine whether or not the borrower is in military service, states that fact and sets forth specific facts establishing Defendant's efforts to determine whether the borrower is in military service;

   b. failing or refusing to take such affirmative steps as may be necessary to restore, as nearly as practicable, each person aggrieved by Defendant's

        illegal conduct to the position he or she would have been in but for Defendant's illegal conduct;

c.     failing or refusing to take actions as may be necessary to prevent the recurrence of any unlawful conduct in the future and to eliminate, to the extent practicable, the effects of their unlawful conduct, including implementing policies and procedures to ensure that Defendant affords SCRA-protected servicemembers all protections contained in the SCRA;

3.     Award appropriate monetary damages to each person aggrieved by Defendant's violations of the SCRA, pursuant to 50 U.S.C. § 4041(b)(2);

4.     Assess civil penalties against Defendant in order to vindicate the public interest pursuant to 50 U.S.C. § 4041(b)(3).

The United States prays for such additional relief as the interests of justice may require.

Dated:   September 20, 2021

| | |
|---|---|
| RACHAEL A. HONIG<br>Acting United States Attorney<br>By: /s/ *Susan Millenky*<br>SUSAN MILLENKY<br>Assistant United States Attorney<br>VICTOR J. WILLIAMSON<br>Special Assistant U.S. Attorney<br>970 Broad Street, Suite 700<br>Newark, NJ 07102<br>Phone: (973) 297-2067<br>Email: susan.millenky@usdoj.gov<br><br>*Attorneys for the United States* | KRISTEN CLARKE<br>Assistant Attorney General<br>Civil Rights Division<br><br>SAMEENA SHINA MAJEED<br>Chief, Housing and Civil Enforcement Section<br><br>ELIZABETH A. SINGER<br>Director, U.S. Attorneys' Fair Housing Program |