IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>NEW JERSEY HIGHER EDUCATION STUDENT ASSISTANCE AUTHORITY<br><br>    Defendant. | Case No. 21-17201(FLW) |

**CONSENT ORDER**

**I.     INTRODUCTION**

1.     This Consent Order ("Order") resolves the allegations contained in the United States' complaint that Defendant, the New Jersey Higher Education Student Assistance Authority ("HESAA"), violated the Servicemembers Civil Relief Act ("SCRA"), 50 U.S.C. §§ 3901-4043, by obtaining default judgments after filing affidavits with the New Jersey Superior Court stating that two SCRA-protected servicemembers were not in military service when they were, in fact, in military service.

2.     HESAA is an instrumentality of the State of New Jersey exercising public and essential governmental functions, vested with powers and duties of government, established in

the Executive Branch of the State Government of New Jersey, and has no parent or subsidiary companies.  N.J.S.A. 18A:71A-3.

3. HESAA is, by statute, a state instrumentality tasked with "the furthering of access to postsecondary education, whether by loans, grants, scholarships or other means."  N.J.S.A. 18A:71A-3.

4. This Order covers all New Jersey College Loans to Assist State Students ("NJCLASS") loans and any other loans originated and/or serviced by HESAA.

5. The United States and HESAA are referred to herein as the "Parties."

6. The Parties agree that the Court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C. §§ 1331 and 1345 and 50 U.S.C. § 4041(a)(2).

7. The United States' complaint alleges that HESAA violated Section 3931 of the SCRA.  HESAA has cooperated fully with the United States' investigation in this matter and has taken steps to improve its compliance with the SCRA.[1]

8. While the United States has not claimed that HESAA intentionally violated Section 3931 of the SCRA, and HESAA maintains that the default judgments obtained against SCRA-protected servicemembers occurred as a result of human error and in contravention of HESAA's existing policies, the Parties agree that such errors raise an issue of significant public importance and that HESAA must augment its policies to prevent future errors.

---

[1] A review of HESAA's accounts found two (2) SCRA-protected servicemembers out of the approximately 6,000 individuals against whom HESAA obtained default judgments between January 1, 2014 and April 9, 2019.  HESAA notes that its records indicate that of these two, one was the result of a loan having been placed with outside collection counsel prior to the borrower's having entered active service and the other was the result of human error.  HESAA will continue its policy of not referring loans to which an active duty servicemember is a party to outside counsel for collection and potential litigation.

9. The Parties agree that to avoid costly and protracted litigation, the claims against HESAA should be resolved without further proceedings or an evidentiary hearing. Therefore, as indicated by the signatures appearing below, the United States and HESAA agree to the entry of this Order. HESAA neither admits nor denies any of the allegations in the United States' Complaint.

10. The effective date of this Order will be the date on which it is approved and entered by the Court.

It is hereby ORDERED, ADJUDGED, and DECREED as follows:

## II.   TERMS AND CONDITIONS

### A.  PROHIBITED CONDUCT[2]

11. HESAA, including through its officers, employees, agents, and representatives, assigns, successors-in-interest, and all persons and entities in active concert or participation with HESAA is hereby enjoined from seeking any default judgment with respect to any loan provided, serviced, or handled by HESAA without first filing with the respective court an affidavit prepared in accordance with 50 U.S.C. § 3931(a) and (b) and the SCRA Policies and Procedures for Default Judgments established in accordance with this Order.

### B.  COMPLIANCE WITH THE SCRA AND SCRA POLICIES AND PROCEDURES

12. HESAA has augmented its SCRA Policies and Procedures for Default Judgments. The United States has reviewed and approved those policies and procedures. These policies and procedures now include, and must continue to include going forward, the following provisions:

---

[2] Nothing in this Consent Order shall preclude HESAA from offering greater protections to servicemembers than those afforded by this Consent Order or the SCRA.

a. HESAA shall not refer any matter to litigation without first taking the actions necessary to comply with Paragraph 11. HESAA shall advise any employees, agents or attorneys conducting and/or involved in the litigation whether or not each borrower, co-signer and guarantor (hereinafter referred to jointly as "borrower") in the action is an SCRA-protected servicemember and, if so, shall require them to disclose the borrower's military status to the court in an affidavit that complies with 50 U.S.C. § 3931;

b. In addition to any other reviews HESAA may perform to assess eligibility under the SCRA, before taking action on any defaulted loan for collection and possible litigation, including referral to outside counsel, HESAA will determine whether the borrower in the action is an SCRA-protected servicemember by: (1) reviewing any military service information (including orders, loan applications, employment information and/or leave and earning statements) they have received from the borrower; and (2) searching the Department of Defense Manpower Data Center ("DMDC") website for evidence of SCRA eligibility by last name and social security number. If HESAA does not have a social security number for a borrower in an action, HESAA will determine whether the borrower is an SCRA-protected servicemember by searching the DMDC website by last name and date of birth. If HESAA is aware of any last name variants or aliases (e.g., maiden names, hyphenated or composite surnames or variant spellings) used by the borrower, HESAA shall run a separate DMDC search for each name variant or alias;

c. HESAA shall require agents or attorneys conducting litigation on HESAA's behalf to conduct an additional review to determine the military status of the borrower before attempting to obtain a default judgment. At a minimum, the additional review shall consist of: (1) reviewing any military service information (including orders, loan applications, employment information and/or leave and earning statements) they have received from the borrower; and (2) searching the DMDC website for evidence of SCRA eligibility by last name and social security number. If HESAA and its agents and/or attorneys do not have a social security number for a borrower in an action, HESAA's agents or attorneys will determine whether the borrower is an SCRA-protected servicemember by searching the DMDC website by last name and date of birth. If HESAA or its agents or attorneys are aware of any last name variants or aliases (e.g., maiden names, hyphenated or composite surnames or variant spellings) used by the borrower, HESAA and its agents and/or attorneys shall run a separate DMDC search for each name variant or alias;

d. HESAA shall not attempt to obtain a default judgment against any borrower without filing with the court an affidavit that complies with 50 U.S.C. § 3931. The affidavit must be signed and prepared only after taking the actions necessary to comply with Paragraph 11 and must be executed no more than two business days prior to filing the motion for default judgment. HESAA will attach the most recent DMDC Status Report Pursuant to the SCRA to the affidavit;

e. If HESAA discovers that a judgment was obtained against a borrower who was in military service at the time HESAA or its agents filed for default judgment, in all

cases where HESAA failed to file an accurate affidavit of military service after the due diligence described in this Paragraph, HESAA or its agents shall, within 14 days of discovering such judgment, petition the court to vacate the judgment.

13. Although the SCRA provides for a means of seeking waiver of a servicemember's right to an attorney, it is HESAA's policy not to seek waiver of anyone's right to an attorney. HESAA shall maintain its policy not to seek waiver of anyone's right to an attorney. If, however, a servicemember wishes to waive his or her right to have an attorney appointed to represent him or her, as provided in 50 U.S.C. § 3931(b)(2), HESAA shall use a notice and waiver in the form attached as Exhibit A.

14. If, at any time during the term of this Order, HESAA proposes to materially change its SCRA Policies and Procedures, it shall first provide a copy of the proposed changes to counsel for the United States. The United States shall respond to HESAA's proposed SCRA Policy and Procedures changes within forty-five (45) calendar days of receipt. If the United States objects to any part of those changes, the specific changes to which the United States objects shall not be implemented until the objections are resolved. Upon such objection, the parties shall confer to resolve their differences. If the Parties cannot resolve their differences after good faith efforts to do so, either party may bring the dispute to this Court for resolution.

### C. TRAINING

15. HESAA shall provide SCRA compliance training to all employees involved in servicing or collecting delinquent and defaulted loans as well as to its outside collections counsel involved in servicing or collecting delinquent and defaulted loans ("covered individuals"). HESAA shall provide training to each covered individual on: (a) the terms of the SCRA with respect to default judgments; (b) HESAA's SCRA Policies and Procedures (both those required

pursuant to this Order, and all others adopted by HESAA) specific to the individual's responsibilities associated with that individual's position; (c) the terms of this Order; and (d) contact information for the "designated employees" described below.

16. During the term of this Order, HESAA shall provide no fewer than two annual SCRA trainings, with the same content as described in Paragraph 15, to covered individuals with respect to their responsibilities and obligations under the SCRA, the SCRA Policies and Procedures, and this Order. The United States has reviewed and approved HESAA's revised training program materials. The training that HESAA conducted for its outside counsel on April 14, 2021 will be counted as the first required training under this Order.

17. If, at any time during the term of this Order, HESAA proposes to materially change its training program, it shall first provide a copy of the proposed changes to counsel for the United States. The United States shall respond to HESAA's proposed training program changes within forty-five (45) calendar days of receipt. If the United States objects to any part of those changes, the specific changes to which the United States objects shall not be implemented until the objections are resolved. Upon such objection, the Parties shall confer to resolve their differences. If the Parties cannot resolve their differences after good faith efforts to do so, either party may bring the dispute to this Court for resolution.

18. The covered individuals may undergo the training required by this Section via live training, computer-based training, web-based training, or interactive digital media. If the training is conducted in any format other than live training, HESAA shall ensure that covered individuals have the opportunity to have their questions answered by a "designated employee" as provided for below. Any expenses associated with the training program required by this Section shall be borne by HESAA.

19.     HESAA shall secure a signed statement in the form attached as Exhibit B from each covered individual at the trainings required by this Section, acknowledging that: (1) he or she has received, read, and understands the SCRA Policies and Procedures adopted and approved pursuant to Paragraph 12 of this Order as they apply to his or her responsibilities; (2) has had the opportunity to have his or her questions about these documents answered; and (3) agrees to abide by them.  For the duration of this Order, copies of those signed statements shall be provided to the United States upon request.  HESAA shall also certify in writing to counsel for the United States that the covered individuals have successfully completed the training required by this Section.

20.     HESAA shall continue to designate employees who have been specifically trained on the protections of the SCRA and who are responsible for the intake of and response to servicemembers' inquiries regarding the SCRA (the "designated employees").  HESAA shall provide a designated telephone number and electronic mail address at which servicemembers may reach a designated employee, who will address questions or concerns regarding the SCRA. HESAA shall continue to include a page on its student loan related websites detailing eligibility for, and relief provided by, the SCRA, and providing the designated telephone number and electronic mail address to obtain SCRA relief, or raise questions or concerns regarding such relief.  The placement, format, and content of the page shall be subject to the non-objection of the United States.

21.     HESAA shall follow the training procedures required by this Section for each person who subsequently becomes a covered individual within thirty (30) calendar days of that individual's hiring, promotion, or transfer.

### D.  COMPENSATION

22. Two (2) SCRA-protected servicemembers, Brian Fielding and Joseph Beronio, are being compensated under this Order.  In both cases, HESAA erroneously filed affidavits informing the court that the servicemember was not in military service.

23. HESAA shall provide $15,000 in compensation to Brian Fielding.

24. HESAA shall provide $15,000 in compensation to Joseph Beronio.

25. In order to receive any compensation under this Order, Brian Fielding and Joseph Beronio must complete a copy of the Release attached as Exhibit C.

26. Within thirty (30) days of notification by the United States that a Release has been received, HESAA shall deliver to counsel for the United States a check payable to the aggrieved person.  A copy of the Release will be provided to HESAA prior to delivery of payment.

27. When counsel for the United States has received a check from HESAA payable to the aggrieved person, counsel for the United States shall deliver the check to the aggrieved person and the original, signed Release to counsel for HESAA.

28. HESAA will not be entitled to a set-off, or any other reduction, of the amount of compensation required by this order, because of any debts allegedly owed by the recipients. Nothing in this order prevents HESAA from seeking to recoup compensation from outside counsel involved in the litigation against Brian Fielding and Joseph Beronio.

29. In the event HESAA determines that there are additional default judgments against servicemembers that were not in compliance with the SCRA, HESAA will notify the United States, provide each aggrieved servicemember $15,000 in compensation, and provide credit repair and other relief on those accounts consistent with the terms of this Order.

30.     Brian Fielding, Joseph Beronio, and any aggrieved persons identified in accordance with Paragraph 29 shall have six (6) months after HESAA has issued them checks to cash or deposit their compensation checks.  During the term of this Order, HESAA shall, upon request of counsel for the United States, reissue any checks that are not cashed or deposited prior to their expiration.

### E.  CREDIT REPAIR AND OTHER RELIEF

31.     In the case of the servicemembers identified in the prior Section, HESAA has taken steps necessary to ensure that the default judgments were vacated, where applicable, and that credit report entries reflecting those default judgments have been removed for both servicemembers.  In accordance with Paragraph 29 of this consent decree, HESAA will seek to vacate any other default judgments found not to be in compliance with the SCRA and will take steps necessary to ensure removal of credit report entries reflecting those default judgments for those borrowers.

32.     HESAA shall provide the United States with evidence of all requests made pursuant to this Section within thirty (30) calendar days of making said requests.

### F.  CIVIL PENALTY

33.     Within thirty (30) calendar days of the effective date of this Order, HESAA shall pay a total of Twenty Thousand Dollars ($20,000) to the United States Treasury as a civil penalty pursuant to 50 U.S.C. § 4041(b)(3) and 28 C.F.R. § 85.5 to vindicate the public interest. The payment shall be in the form of an electronic funds transfer pursuant to written instructions to be provided by the United States.

34. In the event that HESAA, its agents, or its employees engage in any violation(s) of the SCRA during the duration of this Order, such violation(s) shall constitute a "subsequent violation" under 50 U.S.C. § 4041(b)(3)(B).

### G. ADDITIONAL REPORTING AND RECORDKEEPING REQUIREMENTS

35. HESAA is subject to a 7-year record keeping requirement under the record retention schedule established in accordance with N.J. Stat. Ann. § 47, *et seq.* and N.J. Admin. Code § 15, *et seq.* For the duration of this Order, HESAA shall affirmatively retain all records relating to its obligations hereunder, including all records involving accounts placed into a "default" status for individuals who were servicemembers at the time HESAA sought relief for those defaulted accounts and all records related to compliance activities as set forth herein. The United States shall have the right to review and copy any such records, including electronic data, upon reasonable request during the term of this Order.

36. HESAA shall create a process to independently track SCRA-related loans. During the term of this Order, HESAA shall notify counsel for the United States of any complaints related to rights protected by the SCRA every six (6) months, submitting a final report one month before the termination of this Order. HESAA shall provide a copy of any written complaint with the notification. Whether regarding a written or oral SCRA complaint, the notification to the United States shall include the full details of the complaint, including the complainant's name, address, and telephone number, and the full details of all actions HESAA took to resolve the complaint. HESAA shall also promptly provide the United States all information concerning any such complaint, upon request. If the United States raises any objections to HESAA's actions, the Parties shall confer to consider appropriate steps to address the concerns raised by the United States' review. If the Parties are unable to come to an

agreement regarding such obligations or concerns, either party may bring the dispute to this Court for resolution.

### III.  SCOPE OF THE CONSENT ORDER

37. The provisions of this Order shall apply to HESAA and any subsidiaries, predecessors, acquired companies, or successor entities.  They shall also apply to the officers, employees, agents, representatives, assigns, successors-in-interest, and all persons and entities in active concert or participation with all of those entities, including with respect to any loans they acquired from January 1, 2014 to the effective date of this Order.

38. This Order releases only the claims for violations of Section 3931 of the SCRA addressed in the United States' Complaint or identified in this Order.  This Order does not release any other claims that may be held or are currently under investigation by any federal agency, or any claims that may be pursued for actions that may be taken by any executive agency against HESAA, any of its affiliated entities, and/or any of its institution-affiliated Parties.

39. Nothing in this Order will excuse HESAA's compliance with any currently or subsequently effective provision of law or order of a regulator with authority over HESAA that imposes additional obligations on it.

40. The Parties agree that, as of the effective date of this Order, litigation is not "reasonably foreseeable" concerning the matters described above.  To the extent that either party previously implemented a litigation hold to preserve documents, electronically stored information (ESI), or things related to the matters described above, the party is no longer required to maintain such litigation hold.  Nothing in this Paragraph relieves either party of any other obligations imposed by this Order, including, inter alia, HESAA's obligation to preserve documents under Paragraph 35.

## IV. MODIFICATIONS, ATTORNEY'S FEES AND COSTS, AND REMEDIES FOR NON-COMPLIANCE

41. Any time limits for performance imposed by this Order may be extended by the mutual written agreement of the Parties.

42. The Parties shall be responsible for their own attorney's fees and court costs, except as provided for in Paragraph 43.

43. The Parties shall endeavor in good faith to resolve informally any differences regarding interpretation of or compliance with this Order prior to bringing such matters to the Court for resolution. However, in the event the United States contends that there has been a failure by HESAA, whether willful or otherwise, to perform in a timely manner any act required by this Order or otherwise comply with any provision thereof, the United States may move the Court to impose any remedy authorized by law or equity.

## V. RETENTION OF JURISDICTION

44. The Duration of this Order shall be eighteen (18) months from the effective date. The Court shall retain jurisdiction for the duration of this Order to enforce its terms, after which time this case shall be dismissed with prejudice. The United States may move the Court to extend the duration of this Order in the interests of justice.

**IT IS SO ORDERED** this  21st  day of   October        , 2021.

UNITED STATES CHIEF DISTRICT JUDGE

13

FOR PLAINTIFF UNITED STATES OF AMERICA

| | |
|---|---|
| RACHAEL A. HONIG<br>Acting United States Attorney<br><br>By:   */s/ Victor J. Williamson*<br>        VICTOR J. WILLIAMSON<br>        Special Assistant U.S. Attorney<br><br>        Date: September 20, 2021<br><br>By:   */s/ Susan Millenky*<br>        SUSAN MILLENKY<br>        Assistant United States Attorney<br>        970 Broad Street, Suite 700<br>        Newark, NJ 07102<br>        Phone: (973) 297-2067<br>        Email: susan.millenky@usdoj.gov<br><br>        Date: September 20, 2021 | KRISTEN CLARKE<br>Assistant Attorney General<br>Civil Rights Division<br><br>SAMEENA SHINA MAJEED<br>Chief, Housing and Civil Enforcement Section<br><br>ELIZABETH A. SINGER<br>Director, U.S. Attorneys' Fair Housing Program |

FOR DEFENDANT NEW JERSEY HIGHER EDUCATION STUDENT ASSISTANCE AUTHORITY


/s/
ERIN HERLIHY
Deputy Attorney General
Office of the Attorney General,
Division of Law
Education/Higher Education Section
25 Market St., P.O. Box 112
Trenton, NJ 08625-0112
(609) 376-2563 (voice)
(609) 943-5853 (fax)
Erin.Herlihy@law.njoag.gov

*Attorney for Defendant*

Date: _____

DAVID J. SOCOLOW
Executive Director,
New Jersey Higher Education Student Assistance Authority

Date: _____

FOR PLAINTIFF UNITED STATES OF AMERICA

RACHAEL A. HONIG
Acting United States Attorney

By: /s/
VICTOR J. WILLIAMSON
Special Assistant U.S. Attorney

Date: _____

By: /s/
SUSAN MILLENKY
Assistant United States Attorney
970 Broad Street, Suite 700
Newark, NJ 07102
Phone: (973) 297-2067
Email: susan.millenky@usdoj.gov

Date: _____

KRISTEN CLARKE
Assistant Attorney General
Civil Rights Division

SAMEENA SHINA MAJEED
Chief, Housing and Civil Enforcement Section

ELIZABETH A. SINGER
Director, U.S. Attorneys' Fair Housing Program

FOR DEFENDANT NEW JERSEY HIGHER EDUCATION STUDENT ASSISTANCE AUTHORITY

/s/ *Erin Herlihy*
ERIN HERLIHY
Deputy Attorney General
Office of the Attorney General,
Division of Law
Education/Higher Education Section
25 Market St., P.O. Box 112
Trenton, NJ 08625-0112
(609) 376-2563 (voice)
(609) 943-5853 (fax)
Erin.Herlihy@law.njoag.gov

*Attorney for Defendant*

Date: 9/20/2021

DAVID J. SOCOLOW
Executive Director,
New Jersey Higher Education Student Assistance Authority

Date: Sept 17, 2021

14

EXHIBIT A

**IMPORTANT NOTICE AFFECTING MILITARY SERVICEMEMBERS'
RIGHTS AND PROTECTIONS AFFORDED UNDER THE SERVICEMEMBERS CIVIL
RELIEF ACT**

Attached to this notice you will find a waiver of rights and protections that may be applicable to you pursuant to the Servicemembers Civil Relief Act, 50 U.S.C. § 3901, *et seq*. (the "SCRA"). The SCRA provides military personnel and their dependents with a wide range of legal and financial protections. Among other benefits and protections, the SCRA:

- Requires that the court appoint an attorney to represent a servicemember who is a defendant in a civil action or proceeding, if the servicemember does not make an appearance.
- Upon notice by the servicemember, imposes a 6% maximum rate of interest that may be charged during military service on loans incurred before the servicemember began his or her current military service.
- Postpones court actions against servicemembers under certain circumstances.

If you choose to sign the attached waiver, the Court may enter a judgment against you without appointing an attorney or guardian ad litem to represent your interests. If you do not sign this waiver, the Court may take steps to ensure that a judgment is not entered against you if you are unable to appear.

**Before waiving these important statutory rights, you should consult an attorney regarding how best to exercise your rights or whether it is in your interest to waive these rights under the conditions offered by the New Jersey Higher Education Student Assistance Authority.**


**For More Information:**

- CONSULT AN ATTORNEY: To fully understand your rights under the law, and before waiving your rights, you should consult an attorney.
- JAG / LEGAL ASSISTANCE: Servicemembers and their dependents with questions about the SCRA should contact their unit's Judge Advocate, or their installation's Legal Assistance Officer. A military legal assistance office locator for all branches of the Armed Forces is available at http://legalassistance.law.af.mil/.
- MILITARY ONESOURCE: "Military OneSource" is the U.S. Department of Defense's information resource. Go to http://www.militaryonesource.com.

## AGREEMENT AND WAIVER OF RIGHTS UNDER SERVICEMEMBERS CIVIL RELIEF ACT

I _____ am a Servicemember OR the duly authorized agent or attorney-in-fact of _____ , a Servicemember, pursuant to a power of attorney dated _____ and I am aware that I have protections available to me under the Servicemembers Civil Relief Act (SCRA).  This includes, but is not limited to, legal rights relating to the Civil Action [CASE NUMBER] filed in [COURT] on [DATE] (the "Civil Action"), including protections relating to default judgments with respect to my student loan listed below:

[STUDENT LOAN ACCOUNT #]

By signing this waiver, I acknowledge and agree that:

- I have read and understood the attached **IMPORTANT NOTICE AFFECTING MILITARY SERVICEMEMBERS**.

- I am waiving my right to have an attorney or guardian ad litem appointed to represent me in accordance with 50 U.S.C. §3931.

- In exchange for waiving these SCRA rights with respect to the Civil Action, New Jersey Higher Education Student Assistance Authority has agreed to waive its right to recover any attorneys' fees or court costs relating to the Civil Action.

- This waiver is made voluntarily, without coercion, duress or compulsion.  I understand the terms of this waiver of rights, and acknowledge that I was advised to consult with an attorney regarding this waiver and the protections afforded by the SCRA.

Subject to the above provisions, I hereby waive and give up any right I may have to have an attorney or guardian ad litem appointed to represent me in the Civil Action.

Dated: _____     By:_____
                                                                  Signature

                                                               _____
                                                                Print Name

For New Jersey Higher Education Student Assistance Authority

Dated: _____     By:_____
                                                                   Signature

                                                                _____
                                                                Print Name

EXHIBIT B

**SCRA TRAINING ACKNOWLEDGMENT**

      I acknowledge that on _____ _____, 20__, I was provided training regarding Servicemembers Civil Relief Act (SCRA) compliance and copies of the SCRA Policies and Procedures which are applicable to my duties. I have read and understand these documents and have had my questions about these documents and the SCRA answered. I understand my legal responsibilities and shall comply with those responsibilities.

 

                                            _____
                                            [PRINT NAME]


                                            _____
                                            [SIGNATURE]


                                            _____
                                            [JOB TITLE] or [LAW FIRM]

EXHIBIT C

**RELEASE**

In consideration for the parties' agreement to the terms of the Consent Order resolving the United States' allegations in *United States v. New Jersey Higher Education Student Assistance Authority* (D.N.J.) and Defendant's payment to me of $15,000, I, [NAME], hereby release and forever discharge all claims, arising prior to the date of this Release, related to the facts at issue in the litigation referenced above that pertain to alleged violations of Section 3931 of the Servicemembers Civil Relief Act that I may have against New Jersey Higher Education Student Assistance Authority and all related entities, parents, predecessors, successors, subsidiaries, and affiliates and all of their past and present directors, officers, agents, managers, supervisors, shareholders, and employees and their heirs, executors, administrators, successors or assigns. I do not release any other claims that I may have against New Jersey Higher Education Student Assistance Authority under any other section of the Servicemembers Civil Relief Act or any other law.

Executed this _____ day of _____, 20\_\_.

SIGNATURE: _____

PRINT NAME: _____